IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES A. SYRUS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-23-467-D |
| | ) |
| MCAFEE & TAFT LAW FIRM CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff Charles A. Syrus Jr., who appears *pro se*, has initiated this action by filing a completed "Complaint for a Civil Case" form accompanied by over 1500 pages of supporting documents. Plaintiff indicates the basis of jurisdiction is a federal question, but he does not identify any federal law allegedly violated. Plaintiff appears to be complaining about conduct in prior cases. *See Syrus v. Nat'l Basketball Ass'n*, Case No. CIV-22-21-D (W.D. Okla. Jan. 20, 2022) ("*Syrus IV*"); *Syrus v. Nat'l Basketball Ass'n*, Case No. CIV-19-504-D, 2019 WL 11556847 (W.D. Okla. June 6, 2019), *aff'd*, No. 19-6096, 2019 WL 7938555 (10th Cir. Oct. 25, 2019) ("*Syrus III*"); *Syrus v. Prof'l Basketball Club, LLC*, Case No. CIV-12-678-D, 2012 WL 2995739 (W.D. Okla. July 23, 2012), *appeal dismissed*, No. 12-6219 (10th Cir. Oct. 11, 2012) ("*Syrus II*").[1] The factual and procedural background of Plaintiff's federal litigation is stated in the Tenth Circuit's last decision and will not be repeated here. *See Syrus III*, 2019 WL 7938555 at *1-2.

---

[1] Plaintiff's first related case was *Syrus v. Bennett*, Case No. CIV-10-1116-D, 2011 WL 1515613 (W.D. Okla. April 19, 2011), *aff'd*, 455 F. App'x 806 (10th Cir. 2011), *cert. denied*, 132 S. Ct. 2692 (2012).

Like Plaintiff's prior pleadings in *Syrus III* and *Syrus IV*, the Complaint is largely unintelligible and does not come close to satisfying federal pleading requirements. *See* Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). Because Plaintiff has been permitted to proceed without prepayment of fees, his case is subject to dismissal if the Court determines that the action is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Upon review of Plaintiff's pleading, the Court finds that the Complaint does not state a plausible claim and is frivolous. In dismissing *Syrus IV* for failure to state a claim, the Court advised Plaintiff that he cannot continue to relitigate his prior cases, and ordered a dismissal of the action with prejudice to refiling. *See Syrus IV*, 1/20/22 Order at 3. This case appears essentially to be a refiling of *Syrus IV* and is barred by claim preclusion.

**IT IS THEREFORE ORDERED** that the action is **DISMISSED WITH PREJUDICE** to refiling. A separate judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

**IT IS SO ORDERED** this 14th day of June, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge